Banda v. Holder

BIA
Straus, IJ
A076 197 107

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MIRRIEM JALAFI BANDA,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

11-1193-ag
NAC

FOR PETITIONER:      Glenn T. Terk, Wethersfield, CT.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Richard M. Evans, Assistant Director;
                     Allen W. Hausman, Senior Litigation
                     Counsel, Office of Immigration
                     Litigation, Civil Division, United States
                     Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mirriem Jalafi Banda, a native and citizen of Malawi, seeks review of a March 1, 2011, order of the BIA affirming the March 19, 2009, decision of Immigration Judge ("IJ") Michael W. Straus denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mirriem Jalafi Banda*, No. A076 197 107 (B.I.A. Mar. 1, 2011), *aff'g* No. A076 197 107 (Immig. Ct. Hartford Mar. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Before the agency, Banda argued that she would be tortured and persecuted based on her marriage to a man who had been tortured by the Malawian government under the

2

dictatorship of President Hastings Kamuzu Banda. The IJ denied her claim, noting that the dictatorship had ended and the dictator's supporters no longer controlled the Malawian central government.

Banda now argues that the IJ erred in his analysis because he did not consider her claim that because Malawi is a tribal society, her husband's enemies are still powerful in the part of Malawi that she is from. This argument is unavailing because both the IJ and the BIA explicitly addressed this claim. The agency concluded that Banda did not have a well-founded fear of future persecution because twenty years had passed since her husband was tortured, there was no evidence that anyone in Malawi was still interested in him, and neither he nor Banda were involved in contemporary Malawian politics. We defer to the agency's assessment of the record. *See Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010) ("The agency's findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B)).

Banda also argues that she will be harmed because of the general violence, torture, and gender discrimination in Malawi. However, we will not address this argument because

3

she did not raise it before the BIA. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

In sum, substantial evidence supports the agency's determination that Banda did not establish her eligibility for asylum or withholding of removal by demonstrating a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because Banda's claim for CAT relief was based on the same factual predicate as her claim for asylum–her fear of persecution based on her marriage–the agency also did not err in denying CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We note that Banda's husband, who has HIV, has acquired permanent resident status and has filed a petition on her behalf, presumably an I-130 petition for an alien relative, which, if granted, would allow her to adjust to permanent resident status when a visa becomes available. Banda and her husband are parents of a U.S. citizen child. Thus, Banda, who has been in this country since 1992, has compelling equities to avoid or at least delay removal to Malawi.

4

Various administrative forms of relief appear to be worth serious consideration. The Executive Branch might delay removal, as a matter of discretion, pending decision by USCIS on the pending petition to adjust status. Or the BIA could reopen *sua sponte* and continue the removal proceeding pending the USCIS decision. Or the Government might agree to jointly file a motion to reopen, which would avoid the time limit on a motion to reopen. Having denied the petition for review, we have no jurisdiction to require any specific further action, but we would appreciate being advised on whatever steps Executive Branch officials might take in view of Banda's circumstances.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5